Filed 7/15/26  Huang v. Wu CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CHAORONG HUANG et al., | |
| Plaintiffs and Appellants, | G065200 |
| v. | (Super. Ct. No. 30-2023-01347604) |
| I-LING WU, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Craig L. Griffin, Judge. Affirmed. Request for judicial notice granted in part and denied in part.

The Chang Firm, Randy Chang; Benedon & Serlin, Gerald M. Serlin and Judith E. Posner, for Plaintiffs and Appellants.

Klein & Wilson, Mark B. Wilson and Hannah B. Stetson, for Defendant and Respondent.

Plaintiffs appeal from a judgment entered after the trial court sustained a demurrer without leave to amend, finding all causes of action were time-barred. Plaintiffs contend equitable tolling rendered them timely. We disagree and affirm.

FACTS

Plaintiffs[1] allege they invested in a real estate development. Despite assurance that things were "fine and moving forward," plaintiffs subsequently discovered "no signs of any construction," and that their business partner "had remitted $3 million to . . . an alleged building contractor" who "disappeared with the investors' monies."

Plaintiffs filed a lawsuit on May 23, 2019. They amended it to name respondent I-Ling Wu as a doe defendant in February 2022. Though Wu's default was entered, the trial court granted her motion to set it aside due to ineffective service.[2]

The trial court then granted Wu's motion to dismiss the lawsuit because plaintiffs did not serve her within three years of filing their complaint. (Code Civ. Proc., § 583.250.)[3] The minute order stated plaintiffs could "file another action alleging claims against Defendant if the statute of limitations has not run."

---

[1] The plaintiffs are Chaorong Huang, Nanping Luo, and Wenhui Lin.

[2] We grant plaintiffs' request for judicial notice only as to exhibit 13. We deny the request as to all other exhibits because they are immaterial to our analysis. (*Davis v. CSAA Ins. Exchange* (2025) 114 Cal.App.5th 121, 127, fn. 3.)

[3] All statutory references are to this code.

Plaintiffs then filed this lawsuit on September 5, 2023. They asserted causes of action against Wu for conversion and related claims. They alleged they learned in 2022 that Wu, as "a co-conspirator," received money from the contractor—Wu's ex-husband—in 2013.

The trial court sustained Wu's demurrer to the second amended complaint without leave to amend. The court found: (1) each cause of action was subject to a three-year limitations period (§ 338, sub. (c)); (2) each was time-barred because their elements "were admittedly known to Plaintiffs in May 2019"; (3) "Delayed discovery as to the identity of and role of Wu in the alleged misappropriation" did "not suffice to toll the limitations 'clock'";[4] and (4) plaintiffs "failed to identify any potential amendment which would present a viable alternate claim."

DISCUSSION

Plaintiffs contend the trial court wrongly sustained Wu's demurrer because the limitations period was tolled. We accept the parties' agreement that plaintiffs' causes of action accrued on May 23, 2019, when their first lawsuit was filed. Absent tolling, the three-year statute of limitations lapsed on May 23, 2022, which was 471 days before this lawsuit was filed.

Plaintiffs contend the statute of limitations was tolled "no less than 540 days," until November 14, 2023, based on 362 days tolled under the doctrine of equitable tolling and 178 days tolled under "Emergency rule 9."[5]

---

[4] There was no other tolling analysis stated in the order.

[5] The rule, implemented during the COVID-19 pandemic, provides "the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." (Former Cal. Rules of Court, Appex. I, rule 9, eff. Jan. 21, 2022 to March 10, 2022.) As

3

Plaintiffs acknowledge they need to show grounds for two types of tolling: "COVID-19 tolling . . . is not enough . . . . But when combined with equitable tolling . . . it makes all the difference." We conclude plaintiffs do not carry their burden on equitable tolling.

We agree with Wu that "equitable tolling does not apply" because "the trial court dismissed the first action for plaintiff[s'] failure to serve the same defendant within three years of commencement of the action." Where section 583.250 "operate[s] to bring about a dismissal, the applicability of the pertinent statute of limitations is restored *as if no action had been brought*." (*Wood v. Elling Corp.* (1977) 20 Cal.3d 353, 359 (*Wood*) [construing former § 581a, subd. (a)]; see *Alpha Media Resort Investment Cases* (2019) 39 Cal.App.5th 1121, 1130, fn. 9 [former § 581a, subd. (a) reenacted as § 583.250].) Generally, ""a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him."" (*Thomas v. Gilliland* (2002) 95 Cal.App.4th 427, 433 (*Thomas*).)

We reject plaintiffs' assertion that "whether the dismissal of" the first lawsuit "was 'correct' is immaterial to the application of equitable tolling here." On the contrary, it is dispositive—absent an incorrect dismissal, *Wood* "totally refutes" the contention that the limitations period for a second action was tolled by the first. (*Thomas, supra,* 95 Cal.App.4th at p. 433.)

---

to plaintiffs' equitable tolling contention, they calculate the days between August 26, 2022, when Wu moved "to set aside the default entered against her" and "August 23, 2023, when she successfully secured her 'prevailing party' status and defeated the investors' motion to file an amended complaint against her."

We also reject plaintiffs' assertion that Wu relies on "outdated authority" like *Wood.* To be sure, the California Supreme Court has since offered general guidance on equitable tolling. (*Saint Francis Memorial Hospital v. State Dept. of Public Health* (2020) 9 Cal.5th 710 (*Saint Francis*).) That case held that a miscalculated deadline for a writ petition challenging an administrative agency decision wasn't "necessarily fatal" for the "possibility" of tolling. (*Id.* at pp. 724, 726.) The high court emphasized it is a "narrow remedy" that "doesn't mean it will apply in every—or even most—cases." (*Id.* at p. 724.) It reiterated "that mistake or neglect alone doesn't excuse a late-filed petition." (*Id.* at p. 726.)

Most importantly, *Saint Francis* did not mention section 583.250 or *Wood* or discuss a failure to serve. In fact, *Saint Francis* acknowledged that "equitable tolling" is "a judicially created doctrine" and a "court may conclude that explicit statutory language or a manifest policy underlying a statute simply cannot be reconciled with permitting equitable tolling." (*Saint Francis, supra,* 9 Cal.5th at pp. 717, 720.)

More than five years after *Saint Francis* was decided, a leading treatise still cautions counsel that dismissal for failure to serve will not toll the time bar: "The statutes governing dismissal (CCP § 583.110 et seq.) mandate diligent prosecution of pending actions. Therefore, if an action is dismissed, the statute of limitations is not tolled for the time the action was pending. Otherwise, plaintiffs could start and stop an action at will, without regard for the expense, delay and frustration such conduct would impose on the court and the defendants." (Banke & Segal, Cal. Practice Guide: Civil Procedure Before Trial Statutes of Limitations (The Rutter Group 2026)¶ 6:19.)

Plaintiffs' other arguments are thus immaterial. For example, it makes no difference whether Emergency rule 9 was intended to apply ""broadly"" because the 178 days it tolls are insufficient. And while plaintiffs contend more "facts could be added to the operative complaint," they do not identify any new allegation that would change the conclusion that the second lawsuit was commenced "as if no action had been brought" earlier. (*Wood, supra*, 20 Cal.3d at p. 359.)

## DISPOSITION

The judgment is affirmed. Respondent shall recover her costs on appeal.

SCOTT, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

GOODING, J.

6